IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| LANDRETH LUMBER COMPANY; | ) | Bankruptcy Case No. 07-30466 |
| JACKSONVILLE WHOLESALE, INC., | ) | |
| | ) | |
| Debtors. | ) | |
| | | |
| ROBERT E. EGGMANN, Trustee for | ) | |
| Landreth Lumber Company | ) | |
| Creditor Trust, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Adversary Case No. 09-3044 |
| | ) | |
| MILLWORK PRODUCTS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

This matter having come before the Court on for trial on a Complaint to Avoid and Recover Preferential Transfers; the Court, having heard sworn testimony and arguments of counsel and being otherwise fully advised in the premises, makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

At trial on December 18, 2009, the parties stipulated that the undisputed facts in this matter establish the Plaintiff's *prima facia* case under 11 U.S.C. § 547(b).   The undisputed facts support a finding that the transfers in question were, in fact, preferences.   This being the case, the burden shifts to Defendant, Millwork Products, LLC, to prove, by a preponderance of the evidence, that the transfers at issue fell

within the exception of 11 U.S.C. § 547(c)(2).   In re Midway Airlines, Inc., 69 F.3d

792 (7th Cir. 1995); In re Leprechaun Trucking, Inc., 356 B.R. 190 (Bankr. C.D. Ill.

2007).

The purpose of the preference statute is to prevent the debtor during his slide toward bankruptcy from trying to stave off the evil day by giving preferential treatment to his most importunate creditors, who may sometimes be those who have been waiting longest to be paid.   In re Tolona Pizza Products Corp., 3 F.3d 1029 (7th Cir. 1993).   The exception carved out by § 547(c)(2), however, is designed to protect reoccurring customary credit transactions that are received and paid in the ordinary course of the business of the debtor and the debtor's transferee.   Energy Co-op. Inc. v. Scoop International Limited, 832 F.2d 997 (7th Cir. 1987).   The purpose of the exception under 11 U.S.C. § 547(c)(2) is to leave undisturbed normal financial relations, because it does not detract from the general policy of the preference section to discourage *unusual action* by either the debtor or his creditors during the debtor's slide into bankruptcy.   (HR Rep No. 595, 95th Cong, 1st Sess 373 (1977); S Rep No. 989, 95th Cong, 2d Sess 88 (1978)) (emphasis added)

Title 11 U.S.C. § 547(c)(2) states:

(c)     The trustee may not avoid under this section a transfer - . . .

(2)     to the extent that such transfer was in payment of a debt incurred by the debtor in the ordinary course of business or financial affairs of the debtor and the transferee, and such transfer was -

(A)     made in the ordinary course of business or financial affairs of the debtor and the transferee; or

(B)     made according to ordinary business terms;

In order to determine whether payments were made and received in the ordinary course of these parties' business, the court must make a factual inquiry into the prior dealings between the parties.   In re Marchfirst, Inc., 381 B.R. 689 (Bankr. N.D. Ill. 2006)

In order to establish a defense under 11 U.S.C. § 547(c)(2), a

creditor/defendant must establish a baseline of dealings to enable the court to

compare the payment practices during the preference period with the prior course of dealing.   The twelve-month period preceding the preference period is an appropriate standard for determining the ordinary course of business between parties.   In re Leprechaun Trucking, Inc., 356 B.R. 190 (Bankr. C.D. Ill. 2007)

At trial, on December 18, 2009, the Plaintiff objected to certain documents that Defendant, Millwork Products, LLC, sought to introduce into evidence.   The documents at issue pertained to billing transactions between the parties during the twelve months prior to the preference period.   The documents were admitted over Plaintiff's objection and Plaintiff was allowed an opportunity to argue the evidentiary weight of the documents in its closing argument.

In reviewing the arguments of the parties as to the Defendant's billing documents, the Court finds that the documents were properly admitted as business records of Defendant, Millwork Products, LLC.   There was no indication of alteration or fabrication on the documents, and the Court is convinced that the documents were authentic business records of the Defendant.   The Court finds that there was no prejudice to the Plaintiff as the Plaintiff did have time to review the documents prior to trial and the Plaintiff had ample opportunity to cross-examine Defendant's witnesses on any of the information contained in the documents.   In addition to the documentary evidence admitted at trial, witness testimony was presented and the Court finds that all witnesses were credible.   The Debtor and the Defendant did business together for many years, and the evidence presented at trial leads the Court to conclude that there was no significant variance in the timing and method of payment by the Debtor to the Defendant during the 90-day preference period.   The

evidence has established that, all throughout the business relationship between the parties, the product was delivered by the Defendant, an invoice was sent, and, after a period of time if the invoice was not paid, a phone call would be made to the Debtor whereupon the invoice would be paid in time.   There was never an exact number of days between when an invoice was sent to the Debtor and when it was paid.   This practice continued all throughout the 90-day preference period as it had for many years before.   The business relationship between the parties was always casual and could be described as one where both parties had their eyes closed and their fingers crossed hoping that everything would work out.

The Court can find no evidence which suggests any unusual action by either the Defendant or the Debtor in regard to their financial transactions during the preference period.   The uncontroverted evidence before the Court indicates that the Debtor was making a valiant effort to stay in business, and that the Defendant herein, as a long-time trade creditor, was willing to work with the Debtor, as were so many others.   Thus, pursuant to 11 U.S.C. § 547(c)(2)(A), the Court finds that the payments made to the Defendant during the preference period were reoccurring customary credit transactions that were paid and received in the ordinary course of the long-standing business between the Debtor, Landreth Lumber Company, and the Defendant.   As such, the Complaint to Avoid and Recover Preferential Transfers, filed by the Plaintiff, must be denied.

ENTERED: March   4  , 2010.

/s/Gerald D. Fines
GERALD D. FINES
United States Bankruptcy Judge

4